Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 830-1385
(800) 536-1071 facsimile
izorea.law@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Michael Lawrence,<br><br>    Plaintiff,<br><br>v.<br><br>General Electric International, Inc.,<br><br>    Defendant. | Case No. 3:23-cv- |

**COMPLAINT**

COMES NOW, Michael Lawrence, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

**I. JURISDICTION AND VENUE**

1.1. Jurisdiction is proper because Plaintiff seeks remedies for violations of the Fair Labor Standards Act of 1938, (29 U.S.C. § 201 et seq.), a federal statute.

1.2. Venue is proper in the United States District Court for Alaska because the events giving rise to this action occurred with the State of Alaska, Third Judicial District. See 28 U.S.C.A. § 1402(b).

## II. FACTS

2.1. Michael Lawrence has worked since 2017 as a Wind Turbine Service Technician for Defendant, General Electric International, LLC, providing service to the wind turbines at Fire Island, Alaska. As of the date of this complaint, Mr. Lawrence is still working for Defendant.

2.2 Mr. Lawrence worked on average 40 hours a week, arriving at his initial work site in Anchorage, Alaska in the morning. After arriving at the Anchorage work site, defendant flew Mr. Lawrence approximately seven miles from Anchorage to Fire Island Wind Farm where he and a crew would service the wind turbines on the island.

2.3. On a typical work day, Mr. Lawrence would work eight hours, completing in Anchorage the start and end of his work day. Occasionally, weather conditions or work demands would necessitate Mr. Lawrence remaining on Fire Island Wind Farm overnight, returning the next day at the conclusion of that day's work shift.

2.4. On the occasions that Mr. Lawrence was required to remain overnight on Fire Island, he was required to stay at a rudimentary structure to sleep for the night. Given that Fire Island is a privately owned island, no public facilities are located on the island. Further, Mr. Lawrence was not permitted to wander about the island, given that it was privately held property.

2.5. During the times that Mr. Lawrence was required to remain overnight on Fire Island, he was engaged by his employer and required to be ready for any planning or work requirements that the Defendant required from him during the evening hours.

2.6. During the times that Mr. Lawrence was required to remain overnight on Fire Island, he was not able to get a full five hours of uninterrupted sleep or otherwise use his time for his own purposes.

2.7. Mr. Lawrence asserts that during the days that he was forced to spend the night on Fire Island, he was never off-duty, and all his time was engaged by his employer, Defendant General Electric International, Inc..

2.8. Given that Defendant General Electric International, Inc. had full knowledge and understanding that when Mr. Lawrence was forced to spend the night on Fire Island he was never off-duty, the Defendant had actual or constructive knowledge that it should have paid him for the entire time that he was forced to remain on Fire Island over night.

2.9. During the entirety of the time that Mr. Lawrence worked for Defendant General Electric International, Inc., he was not paid the extra and overtime hours that he spent on the overnight shifts on Fire Island. Instead, Defendant paid Mr. Lawrence a flat fee of $50 for the overnight shift.

2.10. Plaintiff Michael Lawrence asserts that during the period between September 18, 2020 through to the date of filing this complaint, he spent approximately 928 hours working overnight shifts on Fire Island. He is requesting that the Defendant pay him for these unpaid hours and overtime hours that he worked.

## CAUSE OF ACTION

A. **VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, (29 U.S.C. § 201 ET SEQ.).**

3.1. Michael Lawrence incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.10.

3.2. Plaintiff Michael Lawrence alleges that he worked unpaid regular and overtime hours for his employer, General Electric International, Inc., by working overnight shifts on Fire Island.

3.3. Michael Lawrence alleges that he worked approximately 928 unpaid hours of overnight shifts for Defendant since September 18, 2020.

3.4. Plaintiff Michael Lawrence alleges that during the time that he worked overnight shifts for Defendant on Fire Island, he was never off-duty, and never had the freedom to use his time for his own purposes. Consequently, Mr. Lawrence alleges that he should have been compensated for all the overnight shift hours that he worked.

3.5. Plaintiff Michael Lawrence alleges that by failing to pay him for the regular and overtime hours that he worked for Defendant during the overnight shifts he spent on Fire Island, the Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 (et seq.).

3.6. Plaintiff Michael Lawrence alleges that by intentionally failing to pay him regular and overtime compensation when required to do so, it acted wilfully such that it is appropriate that the statute of limitations on this suit be expanded, pursuant to 29 U.S.C. § 255, to three years.

3.7. Plaintiff Michael Lawrence alleges that during the last three years he worked over 928 regular and overtime hours, for which Defendant General Electric International, Inc., deliberately refused to pay. Demand is now made of the unpaid regular and overtime pay for these hours worked.

3.8. Further, Plaintiff Michael Lawrence alleges that given the fact that Defendant General Electric International, Inc.'s failure to pay him for the hours he worked during his overnight shifts was not a decision made in good faith, Mr. Lawrence requests that he be awarded liquidated damages on the full amount of his

unpaid hours and overtime hours.

3.9. For Defendant General Electric International, Inc.'s violations of the Fair Labor Standards Act, Michael Lawrence seeks all damages available under law, including actual attorney fees and prejudgment interest, and liquidated damages.

**PRAYER OF RELIEF**

WHEREFORE, Plaintiff, Michael Lawrence, requests judgment against Defendant General Electric International, Inc., as follows:

1. Full and complete payment of all unpaid regular and overtime compensation that Defendant General Electric International, Inc. owes to Michael Lawrence for the hours he worked performing work for defendant;

2. Payment by Defendant General Electric International, Inc., to Michael Lawrence of all penalties permitted against it, specifically pursuant to 29 U.S.C. § 216(b), but additionally any penalties and/or liquidated damages permitted under Federal law;

3. Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act, and all permitted prejudgment interests on the unpaid wages.

4. Plaintiff Michael Lawrence further seeks such other relief as the court may deem just and proper based on the egregious nature of Defendant's conduct.

Dated: September 19, 2023

<pre>
                                    S/ Isaac Zorea
                                    Law Offices of Isaac D Zorea
                                    P.O. Box 210434
                                    Anchorage, AK 99521
                                    Telephone: (907) 830-1385
                                    Facsimile:  (800) 536-1071
                                    E-mail: izorea.law@gmail.com
</pre>